UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          12 CV 8772 (LAK)
---------------------------------------------------------X

PAUL KEENAN,

                Plaintiff,          FIRST AMENDED
                                     COMPLAINT
   -against-                         AND DEMAND FOR
                                     A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE DETECTIVE
JAMES FLYNN, SHIELD # 00858
AND N.Y.C. POLICE SERGEANT
SEAN LYNCH, SHIELD #04339,
EACH SUED INDIVIDUALLY
AND IN THEIR OFFICIAL
CAPACITY,

                Defendants.

---------------------------------------------------------X

     1.  This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

     2.  This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

     3.  Plaintiff is a resident of Westchester County, State of New York.

     4.  At all times hereinafter mentioned, the Defendant New York City Police Officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

     5.  At all times, the defendant New York City owned and maintained the New York City

Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about December 29, 2011, at approximately 10:00 A.M., plaintiff was walking in the vicinity of 194th Street and Valentine Avenue, in the Bronx, New York.

10. Plaintiff was about to enter "Taiz Deli Grocery" on Valentine Avenue to get a roll and coffee when he heard a silver SUV pull up and two plainclothes police officers got out of the vehicle.

11. The defendant officers grabbed plaintiff and asked him, "Where are the drugs at?"

12. Plaintiff responded that he did not have any drugs on him, and that the officers were free to search him.

13. Then, the officers asked plaintiff, "What the f**k were you doing in that building?", indicating the building next door to the deli.

14. Plaintiff told them that he had not been in that building.

15. Nonetheless, the officers took plaintiff to the ground, handcuffed him and searched him.

16. They found nothing other than $19 that he had in his possession.

17. The officers then announced that they were going to take him back to the precinct and do another search there.

18. They told him that if they did not find anything they would let him go.

19. Plaintiff was taken to the 52nd precinct where he was stripped naked and told to squat and cough, which occurred in front of other prisoners that were in the holding cell.

20. Again, no contraband was discovered.

21. Plaintiff was not released from the precinct, but was taken to Central Booking, still unaware of what charges were being levied against him.

22. The next day, at approximately 3:00 A.M., plaintiff was released from Central Booking without any charges being brought against him.

23. He had spent approximately 17 hours in custody.

24. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

25. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

26. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION FOR FALSE ARREST

27. Plaintiff reiterates and realleges the facts stated in paragraphs 1-26 as if stated fully herein.

28. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

29. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

30. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR 'MONELL VIOLATION"

31. Plaintiff reiterates and realleges the facts stated in paragraphs 1-30 as if stated fully herein.

32. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

33. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY

### (STRIP-SEARCH)

34. Plaintiff reiterates and realleges the facts stated in paragraphs 1-33 as if stated fully herein.

35. The strip-search of plaintiff, which involved requiring him to pull down his pants, bend over and spread his cheeks, was a violation of plaintiff's privacy rights as guaranteed by the Fourth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983; and,

2. Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
April 4, 2013

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
April 4, 2013

/s/
_____
STEVEN A. HOFFNER, Esq.
(SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         12 CV 8772 (LAK)
---------------------------------------------------------X

PAUL KEENAN,

                        Plaintiff,        FIRST AMENDED
                                         COMPLAINT
    -against-                           AND DEMAND FOR
                                         <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE DETECTIVE
JAMES FLYNN, SHIELD # 00858
AND N.Y.C. POLICE SERGEANT
SEAN LYNCH, SHIELD #04339,
EACH SUED INDIVIDUALLY
AND IN THEIR OFFICIAL
CAPACITY,

                        Defendants.

-------------------------------------------------------X


Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007

8